Filed 5/6/15  P. v. Wrentmore CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050547 |
| v. | (Super. Ct. No. 04SF0134) |
| JAMES ALAN WRENTMORE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Appeal dismissed.

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

"Defendant was convicted in 2004 of one count each of making a criminal threat [citation] and dissuading a witness by force [citation] after accosting a bus driver." (*People v. Wrentmore* (2011) 196 Cal.App.4th 921, 923.)  "[H]e was found to be a mentally disordered offender . . . in June 2007 and committed to a state hospital until his parole term's expiration in May 2010 [citation]." (*Ibid*.)  Thereafter, his commitment was extended in a series of one-year extensions through May 31, 2013.  A consolidated bench trial was held in August 2014 on two subsequent petitions for one-year extensions of the commitment.  The court found beyond a reasonable doubt that defendant "suffers from a severe mental disorder" that "such disorder is not in remission or cannot be kept in remission without continued treatment" and that "by reason of such disorder, [defendant] represents a substantial danger of physical harm to others."  Accordingly, the court extended defendant's commitment to May 31, 2015.  (See Pen. Code, § 2972, subd. (c).)[1]

Defendant appealed the order of commitment and we appointed counsel to represent him.  Counsel did not argue against defendant, but advised the court he was unable to find an issue to argue on defendant's behalf.  Defendant was given an opportunity to file written argument on his own behalf, but he has not done so.

In *People v. Taylor* (2008) 160 Cal.App.4th 304, the Court of Appeal held that "appeals from civil commitments under the Mentally Disordered Offender Act . . . [citation] are . . . exempt from the *Anders/Wende* review requirements." (*Id*. at p. 308.)[2] The *Taylor* court based its holding on our Supreme Court's identical conclusions regarding conservatorship appeals under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.), and appeals by an indigent parent from orders adversely affecting his or her custody of a child or his or her status as the child's parent. (*Conservatorship of*

---

[1] All further statutory references are to the Penal Code.

[2] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

*Ben C.* (2007) 40 Cal.4th 529 [conservatorship]; *In re Sade C.* (1996) 13 Cal.4th 952 [parental rights].)

We agree with the Court of Appeal's analysis in *People v. Taylor*, *supra*, 160 Cal.App.4th 304. The right of a criminal defendant to an *Anders/Wende* review when appointed counsel is unable to find an arguable appellate issue to advance on behalf of his or her client does not extend to the review of a mentally disordered offender (MDO) commitment. "[T]he MDO's commitment period is for one year only, during which the Department of Mental Health can recommend discontinuing treatment if it is determined that the MDO's mental disorder is in remission and can be kept in remission without further treatment. [Citation.] If continued treatment is sought after the one-year commitment period has expired, the MDO is entitled to a new hearing with the same trial and appellate rights. [Citation.] '[T]he trial court's ongoing supervision' in this regard 'provides the [MDO] with a more immediate avenue for modification than that afforded by the more cumbersome appellate review.'" (*Id.* at p. 313.) "Dismissal of an appeal raising no arguable issues is not inconsistent with article VI, section 14 of the California Constitution requiring that decisions determining causes 'be in writing with reasons stated.' Nothing is served by requiring a written opinion when the court does not actually decide any contested issues." (*Conservatorship of Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. omitted.)

3

Accordingly, no arguable issue having been raised by appointed counsel, and on the court's own motion, we dismiss defendant's appeal.


IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.


4